O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Kathy Dine, | ) | CV 05-3773 RSWL (PLAx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER Re:** Ninth Circuit |
| v. | ) | Mandate [103] and |
| | ) | Plaintiff's Motion for |
| Metropolitan Life Insurance | ) | an Award of Attorneys' |
| Company, The Boeing | ) | Fees [104] |
| Extended Disability | ) | |
| Benefits Plan, The Boeing | ) | |
| Medical Plan, The Boeing | ) | |
| Life Insurance Plan, and | ) | |
| The Boeing | ) | |
| Pension/Retirement Plan, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On December 5, 2011, the Court took the Filing and Spreading of the Ninth Circuit Mandate [103] and Plaintiff Kathy Dine's ("Plaintiff") Motion for an Award of Attorneys' Fees [104] under submission. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby files and spreads the Mandate of the Ninth Circuit [103]; accordingly, the Court enters

judgment in favor of Plaintiff and orders the reinstatement of Plaintiff's long-term disability benefits.  As such, the Court **GRANTS** Plaintiff's Motion for an Award of Attorneys' Fees [104].

I. <u>Background</u>

On May 20, 2005, Plaintiff filed an ERISA claim against Defendants Metropolitan Life Insurance Company, The Boeing Extended Disability Benefits Plan, The Boeing Medical Plan, The Boeing Life Insurance Plan, and The Boeing Pension/Retirement Plan ("Defendants"), challenging their determination that she was not entitled to long-term disability benefits [1].  On October 27, 2009, this Court ruled in favor of Defendants, and Plaintiff appealed [81]-[82].  On September 30, 2011, the Ninth Circuit reversed and remanded this Court's ruling, instructing the Court to enter judgment in favor of Plaintiff and to order the reinstatement of Plaintiff's long-term disability benefits [103].  On October 11, 2011, Plaintiff filed this present Motion for an Award of Attorneys' Fees pursuant to 29 U.S.C. § 1132(g) [105].

II. <u>Legal Standard</u>

The decision to award attorneys' fees in an ERISA action lies within the sound discretion of the district court.  29 U.S.C. § 1132(g).  That decision, however, should be made with the policies of ERISA in mind.  <u>Smith v. CMTA-IAM Pension Trust</u>, 746 F.2d 587, 589 (9th Cir. 1984).  ERISA was enacted to protect the interests

of employees and their beneficiaries in employee benefit plans; the Act provides for costs and attorney fees as an enforcement mechanism to encourage plan participants and beneficiaries to bring actions when benefits are improperly denied. Id.; see 29 U.S.C. § 1132(g). In order to advance those policies, courts have held that a plan participant or beneficiary who prevails in an action for benefits should ordinarily recover attorney fees absent special circumstances. See Smith, 746 F.2d at 589.

In addition, 29 U.S.C. § 1132(g) requires an award of attorneys' fees to be reasonable. The amount of the award and fees rests in the sound discretion of the court. See Devoll v. Burdick Painting Inc., 35 F.3d 408, 414 (9th Cir. 1994). Reasonable attorneys' fees are calculated using the "lodestar" method, which requires multiplying the number of hours "reasonably expended" on the litigation times a "reasonable" hourly rate. D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990); see Hensley v. Eckerhart, 461 U.S. 424, 434 n.7 (1983) (holding lodestar method is applicable to all cases in which Congress authorizes fees to prevailing party).

In determining the appropriate hourly rate to be included in a lodestar calculation, the district court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Chalmers v. City of

Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). "The fee applicant has the burden of producing satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonable comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1262-63 (9th Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886 (1984)).

### III. Evidentiary Objection

The Court **SUSTAINS** Defendants' objection to Exhibit B of the Kantor Declaration because it is inadmissible hearsay.

### IV. Analysis

The Court finds that an award of reasonable attorneys' fees is appropriate because Plaintiff prevailed in her ERISA suit. See Smith, 746 F.2d at 589 (holding that a prevailing plan participant should ordinarily recover attorneys' fees).

#### A. Hours

In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). However, as the Ninth Circuit has stated, "by and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir.

4

2008).

Here, Plaintiff requests fees for 446.5 hours. Defendants argue that Plaintiff's hours should be reduced by at least 100 hours. The Court finds that Defendants highlight some hours which are "excessive, redundant, or otherwise unnecessary." For instance, Plaintiff's counsel spent 1.2 hours on a motion for relief from failure to file a brief timely. Deducting these 1.2 hours from the total decreases the sum by $600. Additionally, Plaintiff's attorneys billed 0.3 hours for preparing and sending out change of address notices. The Court finds that this is a clerical function, and thus, the applicable paralegal billing rate should be used here. Changing the rate for these 0.3 hours reduces the sum by $92.50.

**B.   Rates**

The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation, or (2) by using the attorneys' historical rates and adding a prime rate enhancement. In re Washington Public Power Supply System Securities Litigation, 19 F.3d 1291, 1305 (9th Cir. 1994).

Here, Plaintiff requests that this Court apply the attorneys' current rates to all hours billed during the course of the litigation. Generally, in a case of substantial delay, the use of current rates may be

considered as a means of compensating the prevailing attorneys for the delay.  See Gates, 987 F.2d at 1407 (describing a three year wait as "onerous").  Here, however, the Court finds that using the attorneys' historical rates and adding a prime rate enhancement is more appropriate than using current rates.  Plaintiff presents no reason to doubt the sufficiency of an interest adjustment to historical rates.  See Gates v. Geukmejian, 987 F.2d 1392, 1407 (9th Cir. 1992)(stating a fee award at current rates is intended to compensate prevailing attorneys for lost income they might have received through missed investment opportunities).

    The Court finds that the historical rates Plaintiff proposes for each year are reasonable.  The following are the provided historical rates for firm partners Glenn and Lisa Kantor:

    2005 = $400 per hour
    2006 = $450 per hour
    2007 = $500 per hour
    2008 = $500 per hour
    2009 = $550 per hour
    2010 = $550 per hour

The following are the historical rates for senior associates Peter Sessions and Elizabeth Green:

    2005 = $335.00 per hour
    2006 = $335.00 per hour
    2007 = $375.00 per hour
    2008 = $375.00 per hour

2009 = $460.00 per hour
2010 = $460.00 per hour

The Court finds that these rates are reasonable because they are representative of the attorneys' expertise in ERISA litigation and are primarily based on prior fee awards from judges in the Central District of California. In addition, the Court finds that Plaintiff's proposed paralegal rates—30% of partners' rates—are reasonable.

Additionally, the Court finds that the rates for 2011 that Plaintiff seeks are reasonable. Plaintiff seeks $600 per hour for firm partners Glenn and Lisa Kantor; $500 per hour for Senior Associates Peter Sessions and Elizabeth Green; and $175 per hour for the firm's paralegals. Plaintiff provides declarations from attorneys as evidence that the requested hourly rate is reasonable and indicative of the prevailing market rate for ERISA attorneys in California.

Based on an application of the attorneys' historical rates with a prime rate enhancement, the sum equals $234,174.[1]

### C. <u>Costs</u>

In addition to seeking reasonable attorneys' fees under 29 U.S.C. § 1132(g), a prevailing party may seek to recover the costs of the action. Here, Plaintiff seeks costs in the amount of $4,307.94. The expenses

---

[1] This total reflects the deduction in hours discussed above.

7

Plaintiff seeks are out-of-pocket litigation expenses normally charged to a paying client. Therefore, the Court finds that costs in the amount of $4,307.94 is reasonable.

## V. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for an Award of Attorneys' Fees. Pursuant to the lodestar method, the Court awards Plaintiff $234,174 for attorneys' fees and $4,307.94 for costs. This award is based on a deduction of 1.2 hours, a rate change for 0.3 hours, and an application of historical rates with a prime rate enhancement. In sum, Plaintiff is entitled to $238,481.94.

**IT IS SO ORDERED.**

DATED: December 9, 2011

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge