O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathy Dine,<br><br>     Plaintiff,<br><br>   v.<br><br>Metropolitan Life Insurance Company, The Boeing Extended Disability Benefits Plan, The Boeing Medical Plan, The Boeing Life Insurance Plan, and The Boeing Pension/Retirement Plan,<br><br>     Defendants. | CV 05-3773 RSWL (PLAx)<br><br>**ORDER Re:** Ninth Circuit Mandate [103] and Plaintiff's Motion for an Award of Attorneys' Fees [104] |

On December 5, 2011, the Court took the Filing and Spreading of the Ninth Circuit Mandate [103] and Plaintiff Kathy Dine's ("Plaintiff") Motion for an Award of Attorneys' Fees [104] under submission.  The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby files and spreads the Mandate of the Ninth Circuit [103]; accordingly, the Court enters

judgment in favor of Plaintiff and orders the
reinstatement of Plaintiff's long-term disability
benefits.  As such, the Court **GRANTS** Plaintiff's Motion
for an Award of Attorneys' Fees [104].

**I.** **Background**

On May 20, 2005, Plaintiff filed an ERISA claim
against Defendants Metropolitan Life Insurance Company,
The Boeing Extended Disability Benefits Plan, The
Boeing Medical Plan, The Boeing Life Insurance Plan,
and The Boeing Pension/Retirement Plan ("Defendants"),
challenging their determination that she was not
entitled to long-term disability benefits [1].  On
October 27, 2009, this Court ruled in favor of
Defendants, and Plaintiff appealed [81]-[82].  On
September 30, 2011, the Ninth Circuit reversed and
remanded this Court's ruling, instructing the Court to
enter judgment in favor of Plaintiff and to order the
reinstatement of Plaintiff's long-term disability
benefits [103].  On October 11, 2011, Plaintiff filed
this present Motion for an Award of Attorneys' Fees
pursuant to 29 U.S.C. § 1132(g) [105].

**II.** **Legal Standard**

The decision to award attorneys' fees in an ERISA
action lies within the sound discretion of the district
court.  29 U.S.C. § 1132(g).  That decision, however,
should be made with the policies of ERISA in mind.
Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th
Cir. 1984).  ERISA was enacted to protect the interests

2

1  of employees and their beneficiaries in employee
2  benefit plans; the Act provides for costs and attorney
3  fees as an enforcement mechanism to encourage plan
4  participants and beneficiaries to bring actions when
5  benefits are improperly denied.  <u>Id.</u>; <u>see</u> 29 U.S.C. §
6  1132(g).  In order to advance those policies, courts
7  have held that a plan participant or beneficiary who
8  prevails in an action for benefits should ordinarily
9  recover attorney fees absent special circumstances.
10 <u>See</u> <u>Smith</u>, 746 F.2d at 589.

11     In addition, 29 U.S.C. § 1132(g) requires an award
12 of attorneys' fees to be reasonable.  The amount of the
13 award and fees rests in the sound discretion of the
14 court.  <u>See</u> <u>Devoll v. Burdick Painting Inc.</u>, 35 F.3d
15 408, 414 (9th Cir. 1994).  Reasonable attorneys' fees
16 are calculated using the "lodestar" method, which
17 requires multiplying the number of hours "reasonably
18 expended" on the litigation times a "reasonable" hourly
19 rate.  <u>D'Emanuele v. Montgomery Ward & Co.</u>, 904 F.2d
20 1379, 1383 (9th Cir. 1990); <u>see</u> <u>Hensley v. Eckerhart</u>,
21 461 U.S. 424, 434 n.7 (1983) (holding lodestar method
22 is applicable to all cases in which Congress authorizes
23 fees to prevailing party).

24     In determining the appropriate hourly rate to be
25 included in a lodestar calculation, the district court
26 must look to the rate prevailing in the community for
27 similar work performed by attorneys of comparable
28 skill, experience, and reputation.  <u>Chalmers v. City of</u>

3

1  <u>Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986).  "The

2  fee applicant has the burden of producing satisfactory

3  evidence . . . that the requested rates are in line

4  with those prevailing in the community for similar

5  services of lawyers of reasonable comparable skill and

6  reputation."  <u>Jordan v. Multnomah County</u>, 815 F.2d

7  1258, 1262-63 (9th Cir. 1987) (citing <u>Blum v. Stenson</u>,

8  465 U.S. 886 (1984)).

9  **III. <u>Evidentiary Objection</u>**

10        The Court **SUSTAINS** Defendants' objection to Exhibit

11  B of the Kantor Declaration because it is inadmissible

12  hearsay.

13  **IV. <u>Analysis</u>**

14        The Court finds that an award of reasonable

15  attorneys' fees is appropriate because Plaintiff

16  prevailed in her ERISA suit.  See <u>Smith</u>, 746 F.2d at

17  589 (holding that a prevailing plan participant should

18  ordinarily recover attorneys' fees).

19        **A. <u>Hours</u>**

20        In determining the appropriate lodestar amount, the

21  district court may exclude from the fee request any

22  hours that are "excessive, redundant, or otherwise

23  unnecessary."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434

24  (1983).  However, as the Ninth Circuit has stated, "by

25  and large, the court should defer to the winning

26  lawyer's professional judgment as to how much time he

27  was required to spend on the case . . . ."  <u>Moreno v.</u>

28  <u>City of Sacramento</u>, 534 F.3d 1106, 1112 (9th Cir.

1  2008).

2      Here, Plaintiff requests fees for 446.5 hours.

3  Defendants argue that Plaintiff's hours should be

4  reduced by at least 100 hours.  The Court finds that

5  Defendants highlight some hours which are "excessive,

6  redundant, or otherwise unnecessary."  For instance,

7  Plaintiff's counsel spent 1.2 hours on a motion for

8  relief from failure to file a brief timely.  Deducting

9  these 1.2 hours from the total decreases the sum by

10 $600.  Additionally, Plaintiff's attorneys billed 0.3

11 hours for preparing and sending out change of address

12 notices.  The Court finds that this is a clerical

13 function, and thus, the applicable paralegal billing

14 rate should be used here.  Changing the rate for these

15 0.3 hours reduces the sum by $92.50.

16     **B.  Rates**

17     The district court has discretion to compensate

18 delay in payment in one of two ways: (1) by applying

19 the attorneys' current rates to all hours billed during

20 the course of the litigation, or (2) by using the

21 attorneys' historical rates and adding a prime rate

22 enhancement.  In re Washington Public Power Supply

23 System Securities Litigation, 19 F.3d 1291, 1305 (9th

24 Cir. 1994).

25     Here, Plaintiff requests that this Court apply the

26 attorneys' current rates to all hours billed during the

27 course of the litigation.  Generally, in a case of

28 substantial delay, the use of current rates may be

considered as a means of compensating the prevailing
attorneys for the delay.  See Gates, 987 F.2d at 1407
(describing a three year wait as "onerous").  Here,
however, the Court finds that using the attorneys'
historical rates and adding a prime rate enhancement is
more appropriate than using current rates.  Plaintiff
presents no reason to doubt the sufficiency of an
interest adjustment to historical rates.  See Gates v.
Geukmejian, 987 F.2d 1392, 1407 (9th Cir. 1992)(stating
a fee award at current rates is intended to compensate
prevailing attorneys for lost income they might have
received through missed investment opportunities).

     The Court finds that the historical rates Plaintiff
proposes for each year are reasonable.  The following
are the provided historical rates for firm partners
Glenn and Lisa Kantor:

     2005 = $400 per hour

     2006 = $450 per hour

     2007 = $500 per hour

     2008 = $500 per hour

     2009 = $550 per hour

     2010 = $550 per hour

The following are the historical rates for senior
associates Peter Sessions and Elizabeth Green:

     2005 = $335.00 per hour

     2006 = $335.00 per hour

     2007 = $375.00 per hour

     2008 = $375.00 per hour

6

1        2009 = $460.00 per hour

2        2010 = $460.00 per hour

3   The Court finds that these rates are reasonable because

4   they are representative of the attorneys' expertise in

5   ERISA litigation and are primarily based on prior fee

6   awards from judges in the Central District of

7   California.   In addition, the Court finds that

8   Plaintiff's proposed paralegal rates—30% of partners'

9   rates—are reasonable.

10        Additionally, the Court finds that the rates for

11  2011 that Plaintiff seeks are reasonable.   Plaintiff

12  seeks $600 per hour for firm partners Glenn and Lisa

13  Kantor; $500 per hour for Senior Associates Peter

14  Sessions and Elizabeth Green; and $175 per hour for the

15  firm's paralegals.   Plaintiff provides declarations

16  from attorneys as evidence that the requested hourly

17  rate is reasonable and indicative of the prevailing

18  market rate for ERISA attorneys in California.

19        Based on an application of the attorneys'

20  historical rates with a prime rate enhancement, the sum

21  equals $234,174.[1]

22      **C.   Costs**

23        In addition to seeking reasonable attorneys' fees

24  under 29 U.S.C. § 1132(g), a prevailing party may seek

25  to recover the costs of the action.   Here, Plaintiff

26  seeks costs in the amount of $4,307.94.   The expenses

27  _____

28        [1]This total reflects the deduction in hours discussed above.

7

1  Plaintiff seeks are out-of-pocket litigation expenses
2  normally charged to a paying client.  Therefore, the
3  Court finds that costs in the amount of $4,307.94 is
4  reasonable.

5  **V.  <u>Conclusion</u>**

6       For the reasons stated above, the Court **GRANTS**
7  Plaintiff's Motion for an Award of Attorneys' Fees**.**
8  Pursuant to the lodestar method, the Court awards
9  Plaintiff $234,174 for attorneys' fees and $4,307.94
10 for costs.  This award is based on a deduction of 1.2
11 hours, a rate change for 0.3 hours, and an application
12 of historical rates with a prime rate enhancement.  In
13 sum, Plaintiff is entitled to $238,481.94.

14

15 **IT IS SO ORDERED.**
16 DATED: December 9, 2011

17
18                        RONALD S.W. LEW
                   _____
19                    **HONORABLE RONALD S.W. LEW**
20                 Senior, U.S. District Court Judge
21
22
23
24
25
26
27
28

                            8